# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUCIA M. BOWMAN,

    Plaintiff,

    v.

JOANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO. 3:04-CV-2822

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 13), and Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Doc. 14). Magistrate Judge Mannion recommended that the Court deny Plaintiff's appeal from the decision of the Commissioner of Social Security ("Commissioner"). For the reasons set forth below, the Court will adopt the Report and Recommendation. Accordingly, Plaintiff's appeal will be denied.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens*

1

*v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

To determine whether an individual is disabled for social security purposes, the Commissioner employs a five-step analysis. The Commissioner determines: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work. 20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a large or

considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion.  *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999).  Evidence is not substantial if it is overwhelmed by other evidence.  *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, as Magistrate Judge Mannion correctly noted, the Commissioner's decision was ultimately decided at the fifth step of the process outlined above.  The Administrative Law Judge ("ALJ") concluded that, although Plaintiff's testimony regarding her physical limitations was generally credible, given Plaintiff's level of activity, her age, educational background, work experience, and residual functional capacity ("RFC"), Plaintiff was capable of making a successful adjustment to work that existed in significant numbers in the national economy.  (Doc. 5, at 17-19.)

Plaintiff objects to Magistrate Judge Mannion's recommendation that the Court deny Plaintiff's appeal from the decision of the Commissioner because: (1) Magistrate Judge Mannion erred by affirming the ALJ's decision because it did not evaluate the testimony of Plaintiff's husband; (2) Magistrate Judge Mannion erred by not requiring the ALJ to specify the time periods Plaintiff needed to alternate between sitting and standing in her hypothetical to the vocational expert ("VE"); (3) Magistrate Judge Mannion erred by affirming the ALJ's decision because it relied on evidence from a statement not in the record; and (4) Magistrate Judge Mannion erred by not requiring the ALJ to fully develop the record with respect to Plaintiff's post-hearing surgery.  As a result, the Court will conduct a *de novo* review of these issues.

**1.     Evaluation of the Testimony of the Plaintiff's Husband**

Plaintiff asserts that Magistrate Judge Mannion erred by affirming the ALJ's decision because it did not evaluate the testimony of Plaintiff's husband, Mr. Bowman. Plaintiff argues that although the ALJ referred to the fact that Mr. Bowman testified, the ALJ did not discuss his testimony or evaluate his credibility, as required in the Third Circuit pursuant to *Burnett v. Commissioner*, 220 F.3d 112 (3d Cir. 2000) and *Van Horn v. Schweiker*, 717 F.2d 871 (3d Cir. 1983).

In response to Plaintiff's argument, Magistrate Judge Mannion determined that because the ALJ found Plaintiff herself credible, it was not necessary for the ALJ to determine whether Mr. Bowman's testimony had a bolstering effect.  The Commissioner, alternatively, argues that the ALJ properly evaluated Mr. Bowman's testimony, and that it is clear from the decision that the ALJ found Mr. Bowman's testimony to not be fully credible.

For the following reasons, I differ with Magistrate Judge Mannion's opinion and conclude that the ALJ did not find Plaintiff to be fully credible.  As such, the ALJ was required to evaluate Mr. Bowman's testimony.  However, I also find that Mr. Bowman's testimony was sufficiently evaluated by the ALJ.  It is clear from the decision in this case that the ALJ acknowledged Mr. Bowman's testimony, and that the ALJ's decision is clear as to why she did not find Mr. Bowman's testimony to warrant a contrary conclusion.

While the ALJ may accept some evidence and reject other evidence, she must explicitly weigh all relevant, probative and available evidence before her, and provide some explanation for a rejection of probative evidence which would suggest a contrary

4

conclusion. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994). Although the ALJ need not discuss all evidence presented, lay testimony as to a claimant's symptoms is competent evidence which the ALJ must take into account unless she expressly determines to disregard such testimony, in which case, she must give reasons germane to each witness. *Van Horn*, 717 F.2d at 873. The Third Circuit Court of Appeals has further explained that where the ALJ makes a credibility determination regarding the plaintiff, it is expected that the ALJ address the testimony of additional witnesses who are offered to bolster or corroborate the plaintiff's own testimony. *Burnett*, 220 F.3d at 122.

The ALJ's decision in the present case is distinguishable from the impermissible decision in *Burnett*. In *Burnett*, the ALJ explained that he rejected the plaintiff's testimony regarding the extent of her pain because he determined it was unsubstantiated and not supported by the objective medical evidence. *Id.* The ALJ, however, failed to mention the testimony of the plaintiff's husband and neighbor, which was offered to bolster the plaintiff's credibility. *Id.*

In contrast, in the present case, the ALJ specifically noted that Mr. Bowman testified. (Doc. 5, at 14.) Further, although the ALJ did not find Plaintiff to be fully credible, the ALJ determined that Plaintiff's testimony regarding her physical limitations was generally credible. The ALJ based her decision, rather, on Plaintiff's level of activity. The ALJ explained:

> Significantly, there are no examining, treating physician, or State agency medical opinions of record indicating that claimant, at any time relevant to this decision, was precluded from all work activity. Indeed, the only opinion related to claimant's limitations was made by the disability examiner who determined that the claimant was not

5

> precluded from performing a full range of light exertional work (Exhibit 7F).
>
> In determining claimant's residual functional capacity, consideration is also given to her subjective complaints and demonstrated activities.
>
> \* \* \*
>
> . . . Claimant testified that she does some household duties including dusting, dishes, sweeping the floors, and laundry, with some assistance from her husband. At hearing, claimant stated that her husband and daughter do the grocery shopping and claimant's husband does the vacuuming. She said she spends her time watching videos and playing board games. Claimant further testified she eats out a lot and goes to the movie theater often, the last time being one month prior to the hearing.
>
> The claimant testified that she can sit for only one-half hour and then her leg tingles. Her walking, she said, is limited to less than one block due to pain. Claimant said she can lift approximately 20 pounds.
>
> Claimant's testimony is accepted as generally credible. However, considering her level of demonstrated activities, particularly with respect to the period prior to February 2001, when she decided to have surgery to alleviate her symptoms, there has been no showing that claimant's symptoms were so severe or continuous as to preclude all work.
>
> Based on the totality of the evidence of record, it is determined that at all time relevant to this decision the claimant retained the capacity to perform light and sedentary work, lifting up to 20 pounds at a time, provided the work does not involve prolonged standing or walking and allows for a sit/stand option, with only occasional bending.

(Doc. 5, at 16-17.)

I find nothing in Mr. Bowman's testimony that would suggest a finding contrary to the one reached by the ALJ, which relied mostly on Plaintiff's own testimony.

Mr. Bowman's testimony, essentially, reiterated Plaintiff's assertions that she experiences a lot of pain, has difficulty bending and walking, uses a movable bed to help relieve her symptoms, and is assisted by Mr. Bowman in performing the household chores, such as vacuuming.  (Doc. 5, at 210-13.)  As discussed above, the ALJ determined that Plaintiff's testimony regarding her physical limitations was generally credible and based her decision, rather, on Plaintiff's level of activity.  Mr. Bowman's testimony, at most, supports Plaintiff's testimony regarding her level of activity.

Although the ALJ's decision could have more clearly discussed her evaluation of Mr. Bowman's testimony, I find that the decision, as written, sufficiently evaluates Mr. Bowman's testimony.  The ALJ acknowledged Mr. Bowman's testimony, and the ALJ's decision is clear as to why she did not find Mr. Bowman's testimony to warrant a contrary conclusion.  There is substantial evidence within the record to support the ALJ's determination and Plaintiff's objection will be overruled.

**2.     Hypothetical to the VE: Not Specifying the Time Periods Needed to Alternate Sitting and Standing**

Plaintiff, next, argues that Magistrate Judge Mannion erred by not requiring the ALJ to specify the time periods Plaintiff needed to alternate between sitting and standing in her hypothetical to the vocational expert ("VE").  Specifically, Plaintiff argues that the ALJ failed to comply with Social Security Ruling ("SSR") 96-9p.  Magistrate Judge Mannion determined, as did the Commissioner, that SSR 83-12, rather than SSR 96-9p, applies in the present case.  I agree that SSR 83-12, not SSR 96-9p, is applicable to the case at hand.

7

SSR 83-12 states that:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. . . .Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. . . .
>
> There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice.  If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled.  However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task.  Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.

1983 WL 31253, *4.

As Magistrate Judge Mannion correctly determined, nothing within SSR 83-12 requires that the ALJ specify the exact time periods the claimant is capable of sitting or standing.  Further, although SSR 83-12 recognizes that unskilled jobs, of which the ALJ found Plaintiff capable, "are particularly structured so that a person cannot ordinarily sit or stand at will;" it does not compel an ALJ to conclude that all unskilled light or sedentary work is so structured.  *Id.*  In the present case, the ALJ consulted a VE, who listed several light unskilled jobs where Plaintiff could sit and stand within the work area. (Doc. 5, at 216-17.)  The ALJ, therefore, was not required to specify the time limits to be placed on Plaintiff's ability to sit and stand.  Further, I find the ALJ's determination is supported

by substantial evidence in the record, and I will overrule Plaintiff's objection.

3.     **Evidence Not in the Record**

Plaintiff argues that Magistrate Judge Mannion erred by affirming the ALJ's decision because it relied on evidence from an August 16, 1998 statement not found in the record. Specifically, the ALJ's decision notes that, "[i]n a statement dated August 16, 1998, claimant reported that she helps with the housework, performing such chores and activities such as laundry, cooking dinner, running the vacuum cleaner, shopping, visiting with relatives, and participating in book clubs." (Doc. 5, at 16.)

Magistrate Judge Mannion determined that "[b]ecause the record contains the plaintiff's sworn testimony about the aforementioned activities, evidence of those activities was in fact in the record, even if the August 1998 statement was not." (Doc. 13, at 15.) In particular, Magistrate Judge Mannion noted that:

> At the hearing, in fact, the ALJ questioned the plaintiff about the activities she had listed "[i]n '98, in one of the papers filed in (con)junction with this claim." (TR. 198). The activities about which the ALJ proceeded to ask the plaintiff correspond with the activities the ALJ referred to from the missing August 16, 1998 statement. (TR. 198-99). Significantly, the plaintiff's lawyer did not object to the ALJ's questions about the activities listed in the 1998 paper, and the plaintiff confirmed that she still belonged to book clubs, helped with vacuuming and cleaning, and shared cooking duties with her husband. *Id.* The only activity the plaintiff claimed to no longer perform was visiting and playing cards with relatives, although she testified she played "a lot of board games" with her husband. (TR. 198).

(Doc. 13, at 14-15.)

Plaintiff acknowledges that she confirmed her participation in the activities in question, but argues that this Court is prevented from conducting an independent review

9

of the ALJ's decision unless the August 16, 1998 statement is included in the record. I disagree. Plaintiff's sworn statements regarding her participation in the activities are clearly within the record and, therefore, properly relied upon by the ALJ. There is substantial evidence within the record to support the ALJ's determination and Plaintiff's objection will be overruled.

**4.      Failed to Develop the Record**

Finally, Plaintiff argues that Magistrate Judge Mannion erred by not requiring the ALJ to fully develop the record with respect to Plaintiff's post-hearing surgery. In particular, Plaintiff argues that the ALJ did not fulfill her duty to develop the record because she neither obtained nor granted Plaintiff extra time to submit medical records from a surgery Plaintiff underwent two weeks after the hearing, on May 10, 2001.

Magistrate Judge Mannion, correctly, determined that:

> The ALJ's responsibility was to develop the plaintiff's "complete medical history for at least the 12 months preceding the month" in which she filed her application. 20 C.F.R. § 404.1512 (d). The plaintiff's responsibility, on the other hand, was to present evidence supporting her disability claim. 20 C.F.R. § 404.1512(a). The burden of production was on the plaintiff, not the ALJ. 20 C.F.R. § 404.1512(a).

(Doc. 13, at 16.)

Magistrate Judge Mannion, then, proceeded to consider the medical records from the post-hearing surgery as new evidence, and determined that Plaintiff was not entitled to remand on the basis of new evidence because the records were not material. (Doc. 13, at 16-17.) I agree that Plaintiff is not entitled to remand on the basis of new evidence.

To merit a remand on the basis of new evidence, Plaintiff must show that there is

10

new evidence, the evidence is material and Plaintiff had good cause for not presenting it at a prior proceeding.  *Jones v. Sullivan*, 954 F.2d 125, 128 (3d. Cir. 1991).  In order to be material, the evidence must both relevant and probative.  *Szuback v. Sec'y of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984)*.*  Further, there must be "a reasonable possibility that the new evidence would have changed the outcome of the. . .determination." *Id.*

As Magistrate Judge Mannion correctly noted, Plaintiff's surgical records are relevant only to the determination of Plaintiff's condition as of December 31, 2000, Plaintiff's date last insured.  There is nothing within Plaintiff's surgery records that could reasonably be expected to have changed the outcome of the ALJ's decision regarding the state of Plaintiff's impairment as of December 31, 2000.  Therefore, Plaintiff's objection will be overruled and I will adopt Magistrate Judge Mannion's report and recommendation.

## CONCLUSION

After consideration of the Report and Recommendation, the Court will adopt the Report and Recommendation.  Therefore, Plaintiff's appeal from the decision of the Commissioner of Social Security will be denied.

An appropriate Order follows.

| | |
|---|---|
| August 21, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUCIA M. BOWMAN,<br><br>    Plaintiff<br><br>        v.<br><br>JOANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. 3:04-CV-2822<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this   21st   day of August, 2006, upon review of Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 13) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Doc. 14) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 13) is **ADOPTED**.

(3) Plaintiff's appeal from the decision of the Commissioner of Social Security is **DENIED**.

(4) The Clerk of the Court shall mark this case **CLOSED**.

            /s/ A. Richard Caputo
            A. Richard Caputo
            United States District Judge